1  Eugene Rome (SBN 232780)
   erome@romeandassociates.com
2  Brianna Dahlberg (SBN 280711)
   bdahlberg@romeandassociates.com
3  **ROME & ASSOCIATES, A.P.C.**
   2029 Century Park East, Suite 450
4  Los Angeles, CA  90067
   Telephone:   310-282-0690
5  Facsimile:   310-282-0691

6  Attorneys for Respondents
   EMBLAZE ONE INC. and
7  JASPREET MATHUR

8

9  **UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA**

10

11
                                              Case No. 2:21-mc-01004-CBM (JCx)
12  *In re Application of*

13                                            **DECLARATION OF BRIANNA
     2770095 Ontario, Inc.                    DAHLBERG IN OPPOSITION TO
14                                            2770095 ONTARIO, INC.'S MOTION (1)
                                              TO REOPEN MATTER AND (2) FOR
15       Applicant,                           AN ORDER FOR THE ISSUANCE OF
                                              SUBPOENAS (PER 28 U.S.C. § 1782)**
16
    For the Issuance of a Subpoena for
17  the Taking of a Deposition and the
    Production of Documents for use in
18  a Foreign Proceeding Pursuant to
    28 U.S.C. § 1782
19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF BRIANNA DAHLBERG

## DECLARATION OF BRIANNA DAHLBERG

1.     I, Brianna Dahlberg, am an attorney licensed to practice before this Court. I am counsel with the firm of Rome & Associates, A.P.C. and one of the attorneys representing Respondents Emblaze One Inc. and Jaspreet Mathur ("Respondents") in the above-entitled matter. I offer this Declaration in support of Respondents' Opposition to 2770095 Ontario, Inc.'s ("Applicant") Motion to Reopen Matter and for an Order for the Issuance of Subpoenas per 28 U.S.C. § 1782 (the "Motion"). I am over the age of 18 and competent to testify in a court of law. I have personal knowledge of the matters set forth herein and if sworn as a witness, I would testify thereto under oath.

2.     On January 10, 2022, the Court issued an order denying Applicant's first application to obtain discovery from Respondents pursuant to 28 U.S.C. § 1782.

3.     The following day, on January 11, 2022, Applicant's counsel, Michael Jason Lee, contacted me by email to schedule a time to meet and confer regarding modifications to the categories of documents sought by Applicant. So that the parties could have a productive discussion, I requested that Mr. Lee provide Applicant's proposed revised requests so that my partner, Eugene Rome, and I could discuss them with our clients in advance of the meet-and-confer call.

4.     On January 26, 2022, Mr. Lee emailed me Applicant's proposed revised set of document requests. In his email, he requested that if Respondents had any objections to the requests, they "advise in writing what the objections are and clearly explain the basis for the same so we can respond to them, as appropriate." A copy of Mr. Lee's January 26 email attaching the revised requests is attached hereto as **Exhibit 1.**[1]

5.     On February 3, 2022, Mr. Lee sent me a follow-up email regarding the revised requests. I responded to let him know that Eugene Rome and I were both

---

[1] Where the email chains between counsel include previous email correspondence that is not relevant to the instant Motion, the older emails have been omitted.

1    travelling that week for another case and that I expected to respond substantively

2    when I returned to the office the following week. On February 15, 2022, I emailed

3    Mr. Lee a further update that we were still working with our client on the revised

4    requests. This email exchange is attached hereto as **Exhibit 2.**

5         6.    On February 18, 2022, I sent a further email update to Mr. Lee indicating

6    that our client was investigating what documents it may have that would be

7    responsive, and inquiring whether a protective order had been entered in the Canadian

8    action to protect confidential information. Mr. Lee responded, "We're open to

9    discussing an appropriate protective order (I'm not aware of one in Canada that would

10   apply to your clients), but you're skipping ahead. We're now approaching 3.5 weeks

11   and we <u>still</u> don't have feedback on the revised/narrowed requests. Are they

12   acceptable as drafted? . . ." On February 23, Mr. Lee sent a follow-up email stating,

13   "If we don't receive your clients' feedback by noon tomorrow (Thursday, 2/24), we'll

14   need to proceed with a court filing that, among other points, notes that your clients

15   have essentially refused to substantively meet and confer." This email exchange is

16   attached as **Exhibit 3** hereto.

17        7.    At this point, fewer than 30 days had passed since Applicant had

18   propounded its revised document requests to Respondents, and Mr. Lee was aware

19   that for a portion of that time, Mr. Rome and I had both been out of town.

20   Furthermore, Mr. Lee's threat to inform the Court that we had "essentially refused to

21   substantively meet and confer" with him would have been a falsehood.

22        8.    Nonetheless, Respondents met Mr. Lee's deadline and I sent him a letter

23   specifically responding to each of the revised requests before noon on February 24,

24   2022. In the letter, I explained why the requests remained deficient, suggested ways to

25   narrow them (*e.g.*, "All of the Requests must be narrowed to call for documents

26   related to the transactions/merchants at issue in the Canadian litigation only"), and

27   reiterated that an appropriate protective order was necessary to protect Respondents'

28   financial records and other confidential information. In response to two requests

1  (Request 9 and 13), I explained that Respondents believed that no responsive

2  documents existed. I invited Applicant to consider our objections and further revise

3  the proposed requests. My February 24, 2022 email to Mr. Lee attaching the letter is

4  attached as **Exhibit 4** hereto.

5         9.     Following my February 24 letter, I exchanged follow-up emails with Mr.

6  Lee, and the parties scheduled a meet-and-confer call for March 7, 2022. Prior to the

7  call on March 4, I requested whether Mr. Lee would be willing to narrow any of the

8  requests, noting that many of them were identical and unchanged from the prior set

9  that was rejected by the Court. This March 4, 2022 email exchange is attached as

10 **Exhibit 5** hereto.

11       10.   On March 7, 2022, I spoke to Mr. Lee and his co-counsel, Chris Beal, by

12 telephone. I reiterated Respondents' objections to the requests. On the call, Mr. Lee

13 and Mr. Beal did not propose any revisions to narrow any of the requests, but they

14 said that in the next couple of days they would provide additional information about

15 the specific merchants/transactions that are at issue in the Canadian litigation to assist

16 in narrowing down the scope. They also indicated they were amenable to a protective

17 order, although we did not discuss any specific terms or procedures of how to enter

18 such an order in the Canadian action.

19       11.   On March 9, 2022, however, Mr. Lee sent an email that contained a list

20 of wire payments that Emblaze One remitted to entities associated with the central

21 defendant, Maxwell Dean Morgan, but he provided no information to identify the

22 underlying merchants or credit or debit card transactions involved in the Canadian

23 litigation as we had discussed on our call. As Respondents have noted in their prior

24 opposition, Emblaze processed payments for a number of Morgan clients, not just the

25 merchants at issue in the Canadian litigation. The list of wire payments provided by

26 Mr. Lee would encompass <u>all</u> business transacted between Emblaze and Morgan's

27 companies for the period at issue, not just the processing at issue in the Canadian

28 litigation. Moreover, Mr. Lee did not agree to narrow any of Applicant's requests.

DECLARATION OF BRIANNA DAHLBERG

12.     On March 16, 2022 Mr. Lee sent a follow-up email requesting that if Respondents "are agreeable to any of the requests as currently drafted or if they are agreeable to any of the requests with certain modifications, please let us know by tomorrow – Thursday, 3/17. If we don't hear back from you, we'll conclude your clients aren't agreeable to any of the requests as currently drafted or with modifications, notwithstanding all of the meet and confer efforts and further materials provided." I responded that this would be a misrepresentation of Respondents' position, and noted that we had requested Applicant to narrow the requests to call for documents related to the merchants/transactions at issue in the Canadian litigation only, and that we have also repeatedly requested that an appropriate protective order be entered. In response, Mr. Lee demanded that Respondents draft and send him modified requests by the following day, Thursday, March 17. As to the protective order issue, he wrote that Applicant's priority is "firming up the language of the requests" but they would be willing to discuss the parameters of a possible protective order "in due course." This email exchange is attached hereto as **Exhibit 6.**

13.     Since Mr. Lee's March 16, 2022 email, I received no further communication from Applicant until Applicant filed its Motion. In particular, the parties did not ever reach the point of discussing parameters of a proposed protective order in the Canadian litigation. Nor did Applicant's counsel ever raise the issue of taking depositions of Respondents at any point during the parties' meet-and-confer discussions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 3rd day of May 2022 in Los Angeles, California.

s/*Brianna Dahlberg*
Brianna Dahlberg

4

DECLARATION OF BRIANNA DAHLBERG